UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY QUIRINO,<br><br>        Petitioner,<br><br>  v.<br><br>TERRI GONZALES, Warden,<br><br>        Respondent. | 1:10-cv-01467-OWW-JLT HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS  (Doc. 1)<br><br>ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS<br><br>ORDER DENYING AS MOOT PETITIONER'S MOTION FOR STAY TO EXHAUST CLAIMS (Doc. 11) |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The instant federal petition for writ of habeas corpus was filed on August 10, 2010, challenging his 1996 conviction in the Kern County Superior Court for a violation of California Penal Code 666 (petty theft with priors) and resulting twenty-five year to life sentence under California's Three Strikes Law.  (Doc. 1, p. 1).[1]  When the Court's preliminary review of the

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382.  The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the

1

Petition suggested that the petition may be untimely and should therefore be dismissed, the Court, on September 1, 2010, issued an Order to Show Cause why the petition should not be dismissed as untimely and as containing unexhausted claims. (Doc. 10). That Order to Show Cause provided that Petitioner could file a response within thirty days. To date, Petitioner has not filed a formal response to the Order to Show Cause. However, on September 15, 2010, Petitioner filed a motion for stay of proceedings to exhaust his remedies in state court. (Doc. 11). In that motion, and without providing any basis therefor, Petitioner requested that this Court withdraw its Order to Show Cause of September 1, 2010.

## DISCUSSION

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. By issuing the Order to Show Cause on September 1, 2010, the Court afforded Petitioner the notice required by the Ninth Circuit in Herbst.

///

---

AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th cir. 2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on August 10, 2010. (Doc. 1, p. 15).

2

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on August 10, 2010, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner alleges that he was convicted on June 25, 1996 in the Superior Court for the County of Kern, and that his conviction was affirmed by the California Court of Appeal, Fifth Appellate District ("5th DCA"), on November 12, 1997.  Petitioner's attorney attempted to file a petition for review in the California Supreme Court, but it was rejected as untimely.  (Doc. 1, p. 12). Counsel filed a motion for relief from default with the California Supreme Court that was denied by letter dated December 30, 1997.  (Doc. 1, pp. 10; 12).  According to the California Rules of Court, a

decision of the Court of Appeal becomes final thirty days after filing of the opinion, Cal. Rules of Court, Rule 8.264(b)(1), and an appeal must be taken to the California Supreme Court within ten days of finality.  Cal. Rules of Court, Rule 8.500(e)(1).  Since Petitioner was unsuccessful in filing his petition for review, his conviction would have become final forty days after the Court of Appeal's November 12, 1997 decision was filed, i.e., on December 22, 1997.  Petitioner would then have had one year from the following day, December 23, 1997, or until December 22, 1998, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

As mentioned, the instant petition was filed on August 10, 2010, almost twelve years after the date the one-year period would have expired.  Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.  For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is

4

allowed for the period between finality of an appeal and the filing of a federal petition.  Id. at 1007.  In addition, the limitation period is not tolled during the time that a federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, Petitioner affirmatively alleges that he has *not* presented any state habeas petitions to the California Supreme Court.  (Doc. 1, p. 2).  Accordingly, he is not entitled to any statutory tolling for the thirteen intervening years between the commencement of the one-year period and the filing of the instant petition.  Thus, unless he is entitled to equitable tolling, the petition is untimely and must be dismissed.

D.  Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases.  See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."   Holland, 2010 WL 2346549 at *12; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest

1  the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation
2  omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at
3  1107.
4      Petitioner has made no express claim of entitlement to equitable tolling and, based on the
5  record now before the Court, the Court sees no basis for such a claim. Indeed, Petitioner has
6  submitted as an exhibit a letter from his appellate counsel to Petitioner, dated January 5, 1998,
7  explaining that federal law requires that he file his federal petition within one year. (Doc. 1, p.14).
8  Although counsel appears to have miscalculated the one year period to run from January 2, 1998
9  until January 1, 1999, rather than as stated above, Petitioner was nevertheless on notice at that early
10 date that he must exercise due diligence in order to timely file his federal petition. Moreover, his
11 attorney clearly explained to Petitioner that, because the California Supreme Court had rejected his
12 petition for review as untimely, in order to exhaust his claims he would first need to present his
13 claims to the state high court in a habeas corpus petition. (Id.). Finally, it is clear from counsel's
14 letter to Petitioner, that is in essence an apology to him for failing to timely file the petition for
15 review, that Petitioner was fully aware of the factual basis for his claim of ineffective assistance of
16 appellate counsel as of the letter's date, i.e., January 5, 1998. In other words, Petitioner has been on
17 notice as to all of the essential legal requirements for timely filing his federal petition since at least
18 January 5, 1998; yet he failed to do anything until filing the instant petition on August 10, 2010,
19 almost thirteen years later.
20     Under the circumstances described above, the Court finds that there are no extraordinary
21 circumstances beyond Petitioner's control that precluded Petitioner from timely filing his federal
22 petition. Moreover, the Court finds that Petitioner has not acted with diligence and therefore is not
23 entitled to equitable tolling in any event. A petitioner who fails to act diligently cannot invoke
24 equitable principles to excuse his lack of diligence. See Baldwin County Welcome Center v. Brown,
25 466 U.S. 147, 151 (1984). Thus, the petition is untimely and should be dismissed.[2]
26 ///

---

28  [2] In light of the clear evidence that the petition must be dismissed as untimely under the AEDPA, the Court need not address the additional impediment of Petitioner's failure to exhaust his state remedies, nor Petitioner's belated request for a stay of proceedings to exhaust those state court remedies, which is now moot.

**ORDER**

Accordingly, the Court hereby **ORDERS** as follows:

1. Petitioner's motion for stay of proceedings in order to exhaust state court remedies (Doc. 11), is **DENIED** as **MOOT** in light of these Recommendations.

**FINDINGS AND RECOMMENDATIONS**

For the foregoing reasons, the Court HEREBY **RECOMMENDS**:

1. That the petition for writ of habeas corpus (Doc. 1), be **DISMISSED** for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) court days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **November 9, 2010**                                  /s/ Jennifer L. Thurston
                                                               UNITED STATES MAGISTRATE JUDGE